**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **WAYNE WOFFORD,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:23-cv-02110-GGG-KWR** |
| **V.** | **JUDGE GREG GERARD GUIDRY** |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY AND/OR LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND/OR LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **Defendant.** | |

**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendants The Lincoln National Life Insurance Company and/or Lincoln Life Assurance Company of Boston and/or Liberty Life Assurance Company of Boston[1] (collectively, "Lincoln") file this Answer to Plaintiff's First Amended Complaint (the "Complaint") filed by Plaintiff Wayne Wofford ("Plaintiff"), and Lincoln files a counterclaim through its undersigned counsel and states as follows:

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant disability policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, the named Lincoln/Liberty defendants in this action are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

## I.  PARTIES

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Texas.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits that Crosby Tugs, LLC ("Crosby") sponsored the Crosby Tugs, LLC Group Disability Income Plan (the "LTD Plan") to provide long term disability benefits to participating, eligible employees of Crosby and that the LTD Plan is an employee benefit plan as defined by Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Lincoln admits that Crosby is the Plan Administrator of the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      There is no Paragraph Number 4 in the Complaint.

5.      Lincoln admits that Crosby is the Plan Administrator of the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## II.  JURISDICTION AND VENUE

6.      Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that venue of this action is proper in this Court.  To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

### III.  FACTS AND ALLEGATIONS

8.      Lincoln admits that Crosby sponsored the LTD Plan to provide long term disability benefits to participating, eligible employees of Crosby and that the LTD Plan is an employee benefit plan as defined ERISA.  Lincoln admits that Crosby is the Plan Administrator of the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits that Plaintiff was, at certain times, employed by Crosby, and was, at certain times, a participant in the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.      Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GD/GF3-890-467044-01 (the "Policy") issued by Lincoln to Crosby.  Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy.  Lincoln specifically denies that it was the Plan Administrator of the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.      Lincoln admits that Crosby sponsored the LTD Plan to provide long-term disability benefits to participating, eligible employees of Crosby.  Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.      Lincoln admits Plaintiff's last day at work at Crosby was December 31, 2018. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.    Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. To the extent that the allegations contained in Paragraph 13 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln admits it sent letters to Plaintiff dated October 1, 2021, and May 25, 2022, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.    Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim for benefits from the LTD Plan during the administrative process. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.    Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.    Lincoln denies all allegations contained in Paragraph 16 of the Complaint.

17.    Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18.    To the extent that Paragraph 18 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-4 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

## FIRST DEFENSE

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## SECOND DEFENSE

The Policy and the plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations regarding the LTD Plan under the Policy, and thus, the decision with regard to Plaintiff's claim must be reviewed under the deferential abuse of discretion standard of review and Lincoln's determination relative to Plaintiff's claims was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

## THIRD DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

### FOURTH DEFENSE

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

### FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

### SIXTH DEFENSE

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

### SEVENTH DEFENSE

This action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

### EIGHTH DEFENSE

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's

remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## NINTH DEFENSE

At all times material to the Complaint, Lincoln acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

## TENTH DEFENSE

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability.  Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits.  Plaintiff must continue to satisfy the terms of the LTD Plan.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

## TWELFTH DEFENSE

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

## COUNTERCLAIM BY THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

1.      In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the Policy and in accordance with the agreement signed by Plaintiff.  Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff.

Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln.  Plaintiff was awarded retroactive disability benefits from the Social Security Administration.  Under the terms of the Policy, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration.  Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the Policy.  Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## **PRAYER**

WHEREFORE, having fully answered the Complaint, Lincoln prays that this Court:

(1)     Enters Judgment in its favor and dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2)     Denies each and every demand and prayer for relief contained in Plaintiff's Complaint;

(3)     Enters judgment in Lincoln's favor on its counterclaim and order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration;

(4)     Awards Lincoln its reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 1132(g); and

(5)     Awards Lincoln such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of September 2023.

**LAW OFFICES OF IWANA
RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)

Admitted *Pro Hac Vice*
Email:  iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Matthew R. Slaughter (Bar #37308)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  lindsay.calhoun@phelps.com
Email:  matthew.slaughter@phelps.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/   *Iwana Rademaekers*
Iwana Rademaekers