**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

WAYNE WOFFORD                                                    CIVIL ACTION

VERSUS                                                          NO: 23-2110

LIBERTY LIFE ASSURANCE                                         SECTION: T (4)
COMPANY OF BOSTON, ET AL

**ERISA CASE MANAGEMENT ORDER**

*This case appears to be an action seeking benefits under the provisions of an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court establishes the following scheduling order. Any objections to this Order must be filed no later than **seven days** following its entry into the record.*

In order to facilitate an efficient resolution of this action, the following **ORDERS** are entered:

**I. Within 60 days** of the date of this Order, **the parties shall file** a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:

    a. whether ERISA governs the employee benefit plan at issue;

    b. whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan; and

    c. whether ERISA preempts all state law claims related to the employee benefit plan at issue.

1

**II. Within 60 days** of the date of this Order, **Defendant shall file:** (A) a complete copy of the employee benefit plan and summary plan description, and (B) a copy of the complete administrative record concerning Plaintiff's claim for benefits. Defendant shall also deliver one hard copy of these items to chambers in a three ring binder. All documents must be numbered or bates stamped.

**III. Within 90 days** of the date of this Order, **Plaintiff shall file** a statement regarding the completeness of the administrative record. If Plaintiff contends that the administrative record is incomplete in any way, Plaintiff shall describe the alleged omitted documents and shall set forth the basis for the contention that the documents were improperly omitted. If Plaintiff possesses the documents, copies shall be proffered to the Court along with such statement, subject to Defendant's right to object.

**IV.** Absent further order, discovery in this case is limited as provided by Fifth Circuit precedent.[1] **If a diligent review of the law and facts leads a party to believe that there is a basis for expanding the scope of discovery in this case, an appropriate motion and memorandum, citing applicable authority, should be filed promptly.**

**V.** Counsel shall deliver a hard copy of any pleadings, along with any attachments and exhibits that together exceed 50 pages in total length, to chambers at 500 Poydras Street, Room C-556 for the Court's use. This copy must be placed in a three-ring binder, tabbed, and reflect pagination and document numbers consistent with the electronic document stamping of CM/ECF.

---

[1] *See generally Vega v. National Life Ins. Co.*, 188 F.3d 287 (5th Cir. 1999); *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011). Discovery may not be conducted regarding the factual basis of the plaintiff's medical claim. *Crosby*, 647 F.3d at 263.

**VI.**   Following the completion of items **I-III** of this Order, the parties must attend a settlement conference with the assigned magistrate judge.   The parties must contact the assigned magistrate judge **within 30 days of the entry of this Order** for the purpose of scheduling a settlement conference.   The conference must be held **no later than 180 days** following the entry of this Order.

**VII.** After completion of items **I-III** of this Order, the Court will issue a briefing order.

New Orleans, Louisiana this 7th day of September, 2023.

_____

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

3