The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688

MR. WAYNE WOFFORD

EXHIBIT

2

Lincoln/Wofford 0248



The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (800) 320-7585
Secure Fax No.: (603) 422-0119

May 25, 2022

Mr. Wayne Wofford

RE:  Long Term Disability (LTD) Benefits
     Crosby Tugs, LLC
     Claim #: 9007521

Dear Mr. Wayne Wofford:

Lincoln National Life Insurance Company (Lincoln), a Lincoln Financial Group company, is responsible for managing claims for Long Term Disability (LTD) Benefits under Crosby Tugs, Incorporated's Long Term Disability Policy.  We are writing in regard to your appeal request for Long Term Disability (LTD) Benefits under the Policy.

We reviewed your appeal request for Long Term Disability (LTD) benefits and maintained the decision to deny benefits beyond September 30, 2021.

## Initial Claim Decision

Your last day at work occurred on December 31, 2018, and you stopped working when you were injured at work resulting in reports of back pain.  The medical information in the file indicted that you have been diagnosed with low back pain, lumbar radiculopathy, lumbar spinal stenosis, left foot drop, and bilateral hip osteoarthritis.

The date of disability was January 1, 2019, and after satisfying the 180-day elimination period benefits began on June 30, 2019.  The policy issued to Crosby Tugs, Incorporated has a 24-month own occupation period which was exhausted on June 30, 2021.  The LTD benefits were approved from June 30, 2019 thru September 30, 2021.  To receive benefits beyond September 30, 2021 you must be disabled from your own occupation, or any occupation as defined in the policy.  Benefits beyond September 30, 2021 were denied as the evaluation concluded you were no longer disabled as defined by the policy.

On May 31, 2021, a medical review was completed by Dr. Jonathon Markovitz who is an independent physician Board Certified in Neurology.

Dr. Markovitz's review concluded that your primary diagnosis was lumbar radiculopathy.  Your comorbid diagnoses were noted to be lumbar spondylosis, hepatitis C, hip osteoarthritis, and a prior

**Lincoln/Wofford 0249**

total right hip replacement.

Dr. Markovitz's review noted in part:

> The claimant's medical records as of the neurosurgical notes dated April 29, 2021 describe the claimant being status post February 24, 2021 neurosurgery. This neurosurgery included L4-5 discectomy, decompression, and transpedicular decompression. Following the surgery, the claimant is reportedly clearly improved, with decreased weakness, improve sensation, as well as decreased pain. Reassessment in August 2021 to allow time for recovery from the neurosurgical procedure would be appropriate. Until then the claimant remains unreliable to perform work-related activity.

Following the review completed by Dr. Markovitz updated medical records were requested from your treating provider. The additional medical records were referred back to Dr. Markovitz for review in a report dated September 18, 2021.

Dr. Markovitz's addendum review noted in part:

> My prior report dated May 31, 2021 was reviewed. The claimant was recommended to have time following his February 2021 surgery for recovery from his symptoms related to low back pain and left sciatica. The plan was to reassess in August 2021. On August 30, 2021 there is a note from Dr. Michael Song the claimant's treating surgeon. That note is a form of for restrictions and limitations that describes no restrictions or limitations as of August 30, 2021.
>
> The initial consultation from Dr. Song dated February 4, 2021 described the claimant having low back pain, left sciatica with left foot drop, and evidence on electrophysiological testing of a left L5 radiculopathy. The plan was to undergo surgery. The claimant underwent February 24, 2021 left L4-5 discectomy and decompressive surgery. As of April 29, 2021 the claimant was described as dramatically improved, with mild residual left tibialis anterior weakness, and mild left L5 distribution decreased sensation. The impression was the claimant was doing well status post his surgery. As of a Dr. Song note dated May 31, 2021 the claimant was reported to be doing well status his post surgery.
>
> The claimant's medical records available for review fail to support ongoing neurological impairment leading to restrictions and limitations after August 30, 2021.

The basis for the decision was outlined in a letter dated October 1, 2021. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information:

> In your request for review please include the following documentation:
>
> Any additional medical information from all medical provider(s) you have seen for your condition(s) for the period of January 1, 2019 through present to include, but is not limited to office notes, current treatment plans, clinical notes, consultation reports, diagnostic tests and results and physical evaluations).

**Lincoln/Wofford 0250**

*You should also provide any additional information that you feel will support your claim.*

## Appeal

On February 28, 2022, we received a letter from you appealing the denial determination wherein you indicated that you felt the denial was incorrect in stating that you did not have any restrictions and limitations. You reported that you were unable to return to work and that you struggle in performing daily activities. In your letter you indicated that additional information would be submitted by Dr. Michael Song.

In support of your client's claim, you submitted the following information:
- Restrictions Form completed by Dr. Michael Song dated April 5, 2022

## Appeal Evaluation

To provide a full and fair review of your appeal a review was completed by Dr. Moshe Lewis who is an independent physician Board Certified in Physical Medicine and Rehabilitation with Expertise in Hand and Upper Extremities, to clarify the severity of your condition and to determine if your current impairments would preclude you from full-time employment.

The information in the file indicated that you initially stopped working when you were hit by a large wave while on a boat at work. Following this you reported back pain along with hip pain. The medical in the file has noted that you have a history of low back pain. You underwent a right total knee replacement on June 24, 2019. You were initially treated conservatively for your back pain with medications, injections, and an ablation without success. You underwent a left L4-5 discectomy and decompression on February 24, 2021. You also treated with physical therapy and injections for your hip pain.

On March 11, 2021, you were seen by Dr. Michael Song for a post operative follow up. The examination showed that your gait was stable and tandem, and your strength was normal bilaterally. You were noted to have foot drop and post procedural pain; however, you were doing much better overall. There was still some weakness noted in you left foot. Dr. Song noted that your examination findings were much improved from the visits prior to your surgery.

On April 29, 2021, you were seen for a follow up with Dr. Song. At this visit you reported low back pain with some tingling and weakness; however, you were noted to have drastically improved.

A Restrictions Form completed by Dr. Michael Song dated August 30, 2021, indicated that you would not have any restrictions or limitations. Dr. Song also indicated that your last office visit with his office was April 29, 2021.

A Restrictions Form completed by Dr. Michael Song dated April 5, 2022 indicated that you were to follow up as needed and that your last office visit was April 29, 2021. Dr. Song indicated that you were capable of performing sedentary work activities due to leg weakness and a bad back.

Dr. Lewis' review concluded that your primary diagnosis was low back pain.

Lincoln/Wofford 0251

During the course of the review Dr. Lewis completed a teleconference with Dr. Song on April 20, 2022 who indicated that you had not been seen by his office in one year; therefore, he declined to comment on your functionality.

Dr. Lewis' review noted in part:

> *From a physical medicine and rehabilitations perspective, from 9/30/2021 and forward there are no outlined functional limitations and/or medically appropriate restrictions.*
>
> *There are no updated examination records available for review from 9/30/2021 and forward. The last available physical examination was dated 04/29/21. At that visit the claimant was 2 months post-op. In the restrictions form completed by Dr. Song on 04/05/22, it was noted this was the last time the claimant was treated. Per my discussion with Dr. Songs' office the claimant was not seen during the period under review.*

Dr. Lewis also noted:

> *There are no physical examination provided for review beyond the last documented exam by Dr. Song on 04/29/21. From 09/30/21 and forward, there are no updated records available for review. As such no restrictions or limitations are supported from 09/30/21 onward given the lack of physical examinations, diagnostic studies and current plan of care.*

To afford your claim every consideration, on April 29, 2022, we sent you a copy of the April 28, 2022 independent physician's review completed by Dr. Moshe Lewis who is an independent physician Board Certified in Physical Medicine and Rehabilitation with Expertise in Hand and Upper Extremities, to review and provide any comments you wished to have considered. We asked than any additional information you wished for us to consider be returned to us no later than May 20, 2022, at which time we would proceed with making a determination on your appeal. To date, we have not received any additional information from you or your treating providers.

The medical information in the file indicated that you initially stopped working due to a work injury. You underwent a right total hip replacement and later underwent an L4-5 microdiscectomy and decompression on February 24, 2021. The last office visit in the file from any provider is dated April 29, 2021, which is over one year ago. The last office visit was two months post your lumbar surgery and you were noted to have a significant improvement in the examination findings. You reported ongoing pain; however, you had normal gait, station, and strength. Dr. Song provided a Restrictions Form dated April 5, 2022, indicating that you would only have the ability to perform sedentary work activities; however, in a teleconference he indicated that he had not seen you for one year; therefore, he declined to comment on any functional impairments that you may or may not have.

In your appeal letter you reported ongoing functional impairments and indicated that you are unable to return to work. However, there is no indication that you have pursued ongoing treatment for any self-reported impairments, and there is no clinical evidence in the file that would demonstrate the extent of any self-reported impairments. While you may continue to report ongoing symptoms associated with your condition there needs to be clinical evidence that would support this, and the policy indicates that you must be under the care and treatment of a physician due to your condition.

**Lincoln/Wofford 0252**

There is no evidence in the claim file that you have been seen by any treating provider for over one year. In a telephone conversation with you on March 9, 2022, you also advised that you had not seen any treating providers since April 29, 2021. Please understand that in order to be eligible for LTD benefits under the policy you must be under active treatment and care with a medical professional. There also, must be clinical evidence to support any self reported impairments. Since there is no medical in the file beyond April 2021 and you have not treated with any medical profession beyond that point there is insufficient clinical evidence that would support any ongoing impairments.

As such, the medical records in the file failed to provide clinical evidence that would support ongoing restrictions and limitations that would prevent you from performing your own occupation or any occupation. Therefore, based on the appeal review findings we maintain that the additional information does not offer sufficient medical evidence to support functional impairments from your own occupation or any alternate occupation, and that you no longer meet Crosby Tugs, Incorporated's Long Term Disability Policy's definition of disability beyond September 30, 2021.

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in their file would support that they are unable to perform the material and substantial duties of your own occupation or any occupation beyond September 30, 2021. We are not required to ensure the availability of your own occupation, any alternative occupations, or that you to active employment with Crosby Tugs, Incorporated in the same or different position.

We are aware that you are receiving other income benefits, such as Social Security Disability Income (SSDI). Our records indicate you were awarded on March 23, 2022 with an entitlement date of October 1, 2019. However, please understand our group policy and review process is independent from that of the Social Security Administration (SSA). In our appeal acknowledgement letter sent to you on March 9, 2022 we gave you the option of providing a copy of the Social Security file for our consideration. We did not receive any additional information pertaining to the SSDI award. Although benefits have been approved for SSDI, this decision was based on the SSA's plan provisions and may have been awarded due to SSA guidelines such as your approaching retirement age. Lincoln does not have similar rules. The claim decision made under the Lincoln Financial Group policy was based upon information we have obtained from you, and your treating medical professionals and the results of any internal and/or independent reviews of your claim.

**<u>Conclusion</u>**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may have continued to experience some symptoms associated with your condition beyond September 30, 2021. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting your symptoms and impairments remained of such severity, that they resulted in restrictions or limitations rendering you unable to perform the duties of your own occupations or any occupation after that date.

Having carefully considered all of the information submitted in support of your claim, our position remains that proof of your continued disability in accordance with the Policy provisions after September 30, 2021 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions. No internal

**Lincoln/Wofford 0253**

rules, guidelines, protocols, standards, or other similar criteria were relied upon in rendering the claim determination.

## Policy Provisions

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

> ***"Disability"*** *or* ***"Disabled"****, with respect to Long Term Disability, means:*
>
> > i.   *that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> >
> > ii.  *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> ***"Own Occupation"****, with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*
>
> ***"Material and Substantial Duties"****, with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*
>
> ***"Any Occupation"*** *means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical, mental capacity and which provides the Covered Person with substantially the same earning capacity as the Covered Person's former earning capacity prior to the start of the Disability.*
>
> ***"Regular Attendance"*** *means the Covered Person's personal visits to a Physician which are medically necessary according to generally accepted medical standards to effectively manage and treat the Covered Person's Disability or Partial Disability.*
>
> ***"Treatment"*** *means consulting, receiving care or services provided by or under the direction of a Physician including diagnostic measures, being prescribed drugs and/or medicines, whether the Covered Person chooses to take them or not, and taking drugs and/or medicines.*
>
> ***Discontinuation of the Long Term Disability Benefit***
>
> *The Monthly Benefit will cease on the earliest of:*
>
> 1.   *the date the Covered Person fails to provide Proof of continued Disability or Partial Disability and Regular Attendance of a Physician;*
>
> 2.   *the date the Covered Person fails to cooperate in the administration of the claim.*

**Lincoln/Wofford 0254**

*Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.*

3.    *the date the Covered Person refuses to be examined or evaluated at reasonable intervals;*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal.  Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed.  You may request to receive, free of charge, copies of all documents relevant to your claim.  You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Crosby Tugs, Incorporated's Long Term Disability Policy contains the below provision:

*Legal Proceedings*
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than one year after the time Proof of claim is required.*

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency.  In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.  Your employer's plan has a contractual limitations period of one year, which means that a lawsuit must be brought within one year after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is June 23, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln National Life Insurance Company (Lincoln) rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Crosby Tugs, Incorporated's Policy.  These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.  No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

**Lincoln/Wofford 0255**

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bą́ą́h ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Sherri Vance
Claims Specialist, Appeals
Phone No.: (800) 423-2765 Ext. 7970
Secure Fax No.: (603) 422-7909

Lincoln/Wofford 0256